## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

FILED
2010 JUL 29 P 11: 37

SHIRLEY ELLIOTT, )
)
    Plaintiff, )
) Docket No. 1:10-CV-205
v. ) (Jury Trial Requested)
) Collier/Carter
LIFE OF THE SOUTH INSURANCE COMPANY, )
and )
LOTSOLUTION, INC., a Fortegra Company, )
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, Shirley Elliott, and respectfully moves for judgment against the Defendant, Life of the South Insurance company, Inc., and would state as follows:

### PARTIES

1. The Plaintiff is a citizen and resident of the State of Tennessee, and resides in the city of Spring City, Rhea County, Tennessee. She is a 68-year old disabled grandmother of four.

2. The Defendant, Life of the South Insurance Company, Inc., (hereinafter Life of the South) is a Florida corporation doing business in Tennessee, and whose principal place of business is located at 100 W. Bay Street, Jacksonville, Florida 32202. Life of the South Insurance Company, Inc. is a licensed insurance company doing business in the State of Tennessee and is subject to service of process through the Commissioner of Insurance and Commerce at 500 James Robertson Parkway, Nashville, Tennessee 37243

3. The Defendant, Lotsolution, Inc., a Fortegra Company, is a Florida corporation doing business in Tennessee, and whose principal place of business is located at 100 W. Bay Street, Jacksonville, Florida 32202. Lotsolution is subject to service of process through the Secretary of State for the State of Tennessee located at 500 James Robertson Parkway, Nashville, Tennessee37243.

4. The amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

5. At all times relevant hereto, Life of the South, operated as an insurance company throughout the United States and the State of Tennessee

-1-

6. At all times relevant hereto, the Defendant, Lotsolution, Inc. operated as a subsidiary of Life of the South Insurance Agency

## JURISDICTION AND VENUE

7. This is a cause of action brought for consequential and punitive damages due to Defendants' bad faith refusal to pay Plaintiff's valid claim for benefits under a credit disability policy
8. This is also a cause of action under 28 U.S.C. §1332 due to diversity of citizenship.
9. The unlawful practices in this Complaint originated from Crossville, Tennessee. Accordingly, venue lies in the United States District Court for the Eastern District of Tennessee is proper in this District pursuant to 28 U.S.C. §1391(a).

## STATEMENT OF FACTS

10. On or about August 23, 2003 the Plaintiff entered purchased a 2003 Dodge Ram Truck from East Tennessee Doge located at 2712 North Main street, Crossville,Tennessee.
11. As a part of the financial transaction in buying and financing the vehicle the Plaintiff purchased a credit disability policy in the event that she became disabled and could not make her car payments.
12. As a part of that transaction Life of the South Insurance Company sold a credit disability insurance policy to the Plaintiff.
13. The total premium payment was $1,721,18, which covered eighty-four (84) months and was payment in full of the credit disability policy.
14. The Plaintiff paid all of the premium due under the credit disability policy
15. The Defendant, Life of the South, received all of the premium due under that credit disability policy.
16. This disability policy was financed by AmTrust Bank, a division of Ohio Savings Bank, and named AmTrust Bank as the beneficiary/creditor of the policy
17. The policy is attached to this Complaint as Exhibit A and is incorporated herein by reference.
18. On January 11, 2004 the Plaintiff made a claim on the Defendant, Life of the South because she had become disabled.
19. On or about January 24, 2004 the Defendant stated it needed to investigate the disability of the Plaintiff.

20. The Plaintiff provided the Defendant with her medical records, pharmacy records and report from her physician regarding the Plaintiff's inability to work.
21. Subsequently, the Plaintiff attempted to resolve the matter with the claims department of the Defendant, but to no avail.
22. The Plaintiff contacted the Vice President, Claims Administration, Craig Hart. He consistently refused to consider and evaluate the Plaintiff's claim of disability.
23. On August 4, 2004, Ohio Savings Bank, the credit/beneficiary of the credit disability policy filed a Summons to Recover Personal Property in the General Sessions Court for Rhea County, Tennessee. The case was settled.
24. On August 16, 2004, the Plaintiff filed suit in the Circuit Court for Rhea County, Tennessee based on breach of contract, and violation of the Tennessee Consumer Protection Act.
25. On May 26, 2005, a Motion for Summary Judgment was filed by the Defendants.
26. On September 28, 2006 the Motion for Summary Judgment for the Defendants was granted.
27. On May 22, 2007, a Notice of Appeal to the Tennessee Curt of Appeals was filed by the Plaintiff.
26. On November 12, 2008, the Tennessee Court of Appeals ruled and remanded the case to to the Circuit Court for Rhea County, Tennessee.
27. On July 31, 2009, the Defendants again filed a Motion for Summary Judgment.
28 On September 29, 2009, the Motion for Summary Judgment for the Defendants was granted.
29. On September 24, 2009, an Order was entered to direct the Defendant to return the premium check to the Plaintiff. The Order was filed by the Rhea County Circuit Court Clerk on September 29, 2009.
30. On December 23, 2009, a communication from AmTrust Bank was sent to the Plaintiff with which she received a check for a refund of her monthly car payment. Also a statement dated "12-21-09" that the remainder of the loan of eight months was fully paid.
31. Plaintiff received an unexplained extra check for Two Hundred Eight-Nine Dollars and Eighty cents($289.80).
32. On May 6, 2010, a hearing was held on the Plaintiff's Motion to Alter or Vacate the Court's Order of Summary Judgment.

33. On May 21, 2010, counsel for the Plaintiff received check# 081633 in the amount of $1,721.18 from Lotsolution, a subsidiary of Life of the South.
34. On June 22, 2010, the Court entered a Final Order Denying Plaintiff's Motion to Vacate the Order of Summary Judgment. The Order was filed by the Rhea County Circuit Court Clerk on June 29, 2010.
35. On June 22, 2010, an Agreed Order was filed instructing the Plaintiff to place check #018633 into the Rhea Circuit Court's registry.
36. On July 16, 2010, the Court released check #018633 to the Plaintiff.
37. On July 16, 2010, the Plaintiff deposited two payments of $1,000 and $721.18 into two separate accounts.
38. On July 20, 2010, Lotsolution stopped payment on check #018633.
39. On July 21, 2010, the Plaintiff received notice that Lotsolution had stopped payment on check.
40. Issuance of the credit disability policy to Plaintiff created a contractual relationship between Defendant and Plaintiff. Defendant therefore was subject to implied-in-law duty to act fairly and in good faith in order not to deprive the Plaintiff of the benefits of the credit disability policy.
41. Defendant, through its Vice President and Claims Department acted willfully, fraudulently, intentionally and in bad faith in refusing to consider the nature and extent of Plaintiff's disability.

## COUNT II

42. Plaintiff hereby repeats and re-alleges the allegations in paragraphs 1 through 41, as if fully set forth herein.
43. Defendant's intentional refusal to pay Plaintiff's valid claim was a breach of the implied-in-law duty of good faith and faire dealing and operated in a manner to unreasonably deprive Plaintiff of the benefits of the policy.
44. By its willful conduct, Life of the South in intentionally refusing to pay Plaintiff's claim was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard of Plaintiff's rights.
45. As a proximate result of Defendant's intentional refusal to pay Plaintiff's valid claim, and Defendant's consequential breach of the implied-in-law covenant of good faith and fair dealing, Plaintiff had to pay the monthly payments herself, and re-fianance her home

in order to make such monthly payments.

## COUNT III

46. As a proximate result of Defendant's intentional refusal to pay Plaintiff's valid claim Plaintiff suffered anxiety regarding her financial ability to pay for the car. Defendant's breach of duty of good faith and fair dealing proximately caused Plaintiff emotional distress consisting of nervousness, anxiety, insomnia, loss of appetite, and inability to concentrate.

WHEREFORE, the Plaintiff prays for the following:

1. Consequential damages for economic loss suffered as a proximate result of Defendant's bad faith refusal to pay..
2. Consequential damages in excess of $75,000.
3. Punitive damages incident to Count I, II and III of the Complaint in the amount of $14,000,000.00.
4. A jury of twelve to try the matter.
5. Such other and further relief which this Court may deem just, equitable and proper.

Respectfully submitted,

Shirley Elliott

By:_____

M. J. Hoover, III
401 Henley Street, Suite 10
Knoxville, Tennessee 37902
(865) 332-4321
mjhoover3@msn.com